## WILLIAMS v. DEAL et al.

No. 20228. Opinion Filed Sept. 22, 1931.

Rehearing Denied Oct. 20, 1931.

F. E. Riddle and H. A. Guess, for plaintiff in error.

A. Nicodemus and Wash Hudson, for defendants in error.

LESTER, C. J. This case involves an appeal from a judgment of the district court of Tulsa county. The parties will be referred to as they appeared there.

It appears from the record that J. W. Williams and wife executed and delivered to J. W. Cotter and wife a deed to certain real estate in the city of Tulsa. The plaintiffs and the grantees also entered into a certain contract whereby the grantees were to pay to the grantors the sum of $500 and also to pay certain mortgage indebtedness then existing against the property and at the time of the execution of the deed and contract, and that, after the payment of such sum, the grantees would then reconvey to the grantors a one-half undivided interest in and to said property without further compensation. The grantees went into possession of said property, paid a part of the mortgage indebtedness, and thereafter made and executed a deed to said property to Charles Deal and Helen Deal, and the last-named parties went into possession of said property, but failed to keep up the mortgage indebtedness or to pay the taxes levied against said property, and on account of the default the plaintiffs brought suit to cancel all instruments executed between the several parties to said contract and to acquire title as against Charles Deal and Helen Deal, and also for an accounting.

Issues were formed under the petition and answer, and the court after the trial of said cause found that the amount paid the defendants on a certain mortgage known as the Rock mortgage was approximately $1,500, and that this amount equalled the amount for the use and occupation thereof of the premises by the defendants. The court also found that the sum of $3,131.58 had been paid by the defendants on a certain mortgage to the building and loan association, and that the defendants should have a lien on the entire property for said amount.

The court also canceled and set aside the contract between the original vendees and their assignees. From this judgment the plaintiffs appeal and contend that the court erred in allowing credit for the use and occupancy by reason of the payments of the Rock mortgage; also erred in allowing a recovery and a lien thereon for payments made to the building and loan association.

The plaintiffs contend that, the contract being of an executory nature, whatever amounts the defendants paid out were not subject to recovery. The plaintiffs did not allege damages against the defendants for a breach of contract, but asked for an accounting.

Plaintiffs' action was an equitable one. Legal title to the property had been placed in the defendants. The court canceled the contract and rendered an accounting in accordance with the petition of the plaintiffs.

The plaintiffs having provided in the contract that when the defendants paid the taxes on the property and further discharged the property from a mortgage lien existing at the time of the execution of the deed and contract, the defendants should then reconvey to the plaintiffs a one-half interest in the property, the defendants at all times held in trust for the benefit of the plaintiffs a one-half interest in said property, free from any obligations or contract that might arise under the terms of said contract. Under the terms of the contract, it was provided that when the defendants fully discharged the mortgage indebtedness that existed against the real estate, it then became the duty of the defendants to execute and reconvey to the plaintiffs one-half interest in said real estate without further compensation. Certainly the defendants in making default would have no greater interest in that portion of the real estate which was to be reconveyed than they would have had if they had fully discharged their contract. The only possible claim for a lien on account of the partial discharge of the mortgage indebtedness would be the increase of the equitable interest to the one-half interest that was to be the defendants' when they fully discharged the mortgage indebtedness.

The action of the court in creating a lien against the entire interest in the real estate was clearly error.

Both parties cite numerous cases to support their particular theories, but they are not in point under the peculiar facts that exist in this case, and if we should cite any of the cases set forth in the briefs of the parties to this action, it would only cause confusion to the reader.

The judgment below is modified as follows: It is ordered and adjudged that the judgment of the district court be modified in part in the following manner: That the defendants Charles Deal and Helen Deal be given an equitable lien on the one-half undivided interest in said property to satisfy

the sum of $3,131.58, on account of certain payments made upon the mortgage indebtedness under said contract, but that said equitable lien be subject to and inferior to all the taxes that were to be paid by J. W. Cotter and wife on said premises under said contract; and that said lien also be subject to and inferior to the balance of the mortgage indebtedness that was to be paid and discharged by said J. W. Cotter and wife, and that all deeds and contracts made by and between the parties to this action be and the same are hereby canceled and set aside. The judgment below is affirmed save and except as to the modification herein made.

CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, and KORNEGAY, JJ., concur. ANDREWS, J., absent. McNEILL, J., disqualified and not participating.